THERESA COOPER,
on behalf of herself and
all others similarly situated

   Plaintiff,

            Case No. 20-cv-240

  v.

            **COLLETIVE AND CLASS**
OS RESTAURANT SERVICES, LLC     **ACTION PURSUANT TO**
2202 North West Shore Blvd, Suite 500   **29 U.S.C. §216(b) AND**
Tampa, Florida 33607       **FED. R. CIV. P. 23**

   and           **JURY TRIAL DEMANDED**

BLOOMIN' BRANDS, INC.
2202 North West Shore Blvd, Suite 500
Tampa, Florida 33607

   and

BONEFISH GRILL, LLC
2202 North West Shore Blvd, Suite 500
Tampa, Florida 33607

   Defendants

## COMPLAINT

## <u>PRELIMINARY STATEMENT</u>

1.  This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Theresa Cooper, against Defendants, OS Restaurant Services, LLC, Bloomin' Brands, Inc., and Bonefish Grill, LLC.

2.      Plaintiff brings these FLSA and WWPCL claims and causes of action against Defendants on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt, tipped employees of Defendants, in positions such as Server, Bartender, and Hostess, for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime pay, minimum wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.      Defendants operated an unlawful compensation system that deprived Plaintiff and all other similarly-situated current and former hourly-paid, non-exempt, tipped employees, in positions such as Server, Bartender, and Hostess, of overtime wages and minimum wages for all compensable work performed each workweek by: (1) failing to compensate said employees with overtime pay by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages due and owing during workweeks when said employees worked in excess of forty (40) hours and performed compensable work in more than one position with different hourly rates of pay, in violation of the FLSA and WWPCL; and (2) taking a tip credit on a pay period basis without having a tip declaration signed by said employees each pay period, in violation of the WWPCL.

4.      Defendants' deliberate failure to compensate its hourly-paid, non-exempt, tipped employees for all hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8.     Plaintiff, Theresa Cooper, is an adult female resident of the State of Wisconsin with a post office address of 3940 West Wanda Avenue, Greenfield, Wisconsin 53221.

9.     Defendant, OS Restaurant Services, LLC, was, at all material times herein, a Florida entity doing business in the State of Wisconsin with a principal address of 2202 North West Shore Blvd, Suite 500, Tampa, Florida 33607.

10.     Defendant, Bloomin' Brands, Inc., was, at all material times herein, a Florida entity doing business in the State of Wisconsin with a principal address of 2202 North West Shore Blvd, Suite 500, Tampa, Florida 33607.

11.     Defendant, Bonefish Grill, LLC, was, at all material times herein, a Florida entity doing business in the State of Wisconsin with a principal address of 2202 North West Shore Blvd, Suite 500, Tampa, Florida 33607.

12.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' registered agent and/or authorized representative for service of process in the State of Wisconsin was Corporate Creations Network Inc., 4650 West Spencer Street, Appleton, Wisconsin 54914.

13.     Defendants do business across the Unites States, including but not limited to in the State of Wisconsin, as branded restaurants, including but not limited to: Bonefish Grill, Outback Steakhouse, Carrabba's Italian Grill, and Fleming's Prime Steakhouse.

14.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' operated multiple physical locations in the State of Wisconsin, including but not limited to the Bonefish Grill, located 18355 West Bluemound Road, Brookfield, Wisconsin 53045, where Plaintiff worked within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) in hourly-paid, non-exempt, tipped positions such as Server, Bartender, and Hostess.

15.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' owned, operated, and managed all of their physical restaurant locations across the United States, including but not limited to in the State of Wisconsin.

16.     For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

17.     For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

18.     During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

19.     During the relevant time periods as stated herein, Defendants, collectively and individually, employed more than two (2) employees.

20.     During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, collectively and individually, exceeded $500,000.

21.     During Plaintiff's employment with Defendants at the Bonefish Grill, located 18355 West Bluemound Road, Brookfield, Wisconsin 53045, within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff was engaged in commerce or in the production of goods for commerce.

22.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

23.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt, tipped employees of Defendants employed by Defendants in positions such as Server, Bartender, and Hostess within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and these similarly situated employees were subjected to Defendants' same terms and conditions of employment and same unlawful compensation policies as enumerated herein, performing the same or similar job duties at all physical locations across the United States, including but not limited to in the State of Wisconsin, that were owned, operated, and managed by Defendants.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees of Defendants on whose behalf Plaintiff brings this Complaint performed compensable work in same or similar job duties on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and/or with Defendants' knowledge.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised and/or managed Plaintiff's and other hourly-paid, non-exempt, tipped employees' day-to-day activities.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and other hourly-paid, non-exempt, tipped employees.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of other hourly-paid, non-exempt, tipped employees.

28.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established and/or approved Plaintiff's and other hourly-paid, non-exempt, tipped employees' work schedules, and Defendants provided Plaintiff and all other hourly-paid, non-exempt, tipped employees with work assignments and hours of work.

29.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt, tipped employees abided in the workplace.

30.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt, tipped employees' employment-related questions, benefits-related questions, and workplace issues.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt, tipped employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

33.     On or about October 10, 2018, Defendants hired Plaintiff into the position of Server working primarily at Defendants' Bonefish Grill restaurant, located 18355 West Bluemound Road, Brookfield, Wisconsin 53045.

34.     During Plaintiff's employment with Defendants, Plaintiff performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction in the tipped positions of Server, Bartender, and Hostess.

35.     During Plaintiff's employment with Defendants, Plaintiff's Server, Bartender, and Hostess positions were hourly-paid positions.

36.     During Plaintiff's employment with Defendants, Plaintiff's Server, Bartender, and Hostess positions were non-exempt position for purposes of the FLSA and WWPCL.

37.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff with a minimum hourly rate of pay of $2.33 when performing duties in the position of Server.

38.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff with a minimum hourly rate of pay of $5.00 when performing duties in the position of Bartender.

39.     During Plaintiff's employment with Defendants, Plaintiff received tips when performing duties in the positions of Server and Bartender.

40.     On or about February 7, 2020, Plaintiff's employment with Defendants ended.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees employed by Defendants were employed and performed compensable work in hourly-paid, non-exempt job positions, such as Server, Bartender, and Hostess, as part of Defendants' food service and hospitality business.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees frequently worked in excess of forty (40) hours per workweek.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt, tipped employees frequently worked in excess of forty (40) hours per workweek.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt, tipped employees.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt, tipped employees.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt, tipped employees for all remuneration earned.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt, tipped employees' hours worked each workweek.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt, tipped employees on a bi-weekly basis via paycheck.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Tuesday through Monday.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt, tipped employees were subject to Defendants' same unlawful compensation policies, practices, customs, and/or schemes of failing to pay overtime wages and minimum wages each workweek in violation of the FLSA and WWPCL.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees of overtime wages

during workweeks when said employees worked in excess of forty (40) hours by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages due and owing when said employees worked in more than one position with different hourly rates of pay during the workweek, in violation of the FLSA and WWPCL.

52.     For example, on multiple occasions within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work in excess of forty (40) hours in a workweek in the positions of Server, earning $2.33 per hour, and Bartender, earning $5.00 per hour, plus tips – but Defendants incorrectly and unlawfully calculated Plaintiff's overtime rate of pay based on her regular hourly rate (and the tip credit equivalent) of $2.33 per hour, as opposed to her regular hourly rate (and the tip credit equivalent) of $5.00 per hour and/or a weighted or blended average (and tip credit equivalent) of the two rates.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees of minimum wages for all compensable work performed each workweek by taking a tip credit on a pay period basis without having a tip declaration signed by said employees each pay period, in violation of the WWPCL.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants took a tip credit on a weekly and pay period basis for the difference between Plaintiff's and all other current and former hourly-paid, non-exempt, tipped employees' regular hourly rate(s) of pay and the minimum wage of $7.25 per hour under the WWPCL.

55. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when Defendants claimed or took a tip credit on a pay period basis for the difference between Plaintiff's and all other current and former hourly-paid, non-exempt, tipped employees' hourly rate and $7.25 per hour when Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees performed compensable work on behalf of Defendants' in the State of Wisconsin, Defendants did not have or obtain a tip declaration signed by said employees each pay period.

56. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees employed by Defendants were legally entitled to minimum wages at the rate of $7.25 per hour and overtime wages at the correct and lawful rate for all hours worked in excess of forty (40) in a workweek.

57. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek as required by the FLSA and the WWPCL, and with a lawful minimum wage of $7.25 per hour for all hours worked each workweek as required by the WWPCL.

58. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt, tipped employees' paychecks did not properly or lawfully compensate them for all hours worked in a workweek at the lawful minimum wage under the WWPCL and at the correct and lawful overtime rate of pay under the FLSA and WWPCL.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees employed by Defendants were legally entitled to overtime wages and minimum wages for all hours worked in each workweek.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt, tipped employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek and of minimum wages for all hours worked in each workweek.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt, tipped employees with overtime wages for all hours worked in excess of forty (40) in a workweek and with minimum wages for all hours worked in each workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

62.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former hourly-paid, non-exempt, tipped employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) in positions such as Server, Bartender, and/or Hostess and who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

63.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and were compensated on an hourly basis (and not on a salary basis) each workweek.

64.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

65.     Plaintiff and the FLSA Collective were primarily employed in tipped positions, such as Server, Bartender, and/or Hostess, each workweek within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

66.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to compensate Plaintiff and the FLSA Collective with overtime pay during workweeks when said employees worked in excess of forty (40) hours and performed compensable work by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages when said employees worked in more than one position with different hourly rates of pay, in violation of the FLSA.

67.     Defendants' deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

68.     Defendants' unlawful practice as it relates to overtime compensation described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages due and owing to them, in violation of the FLSA.

69. Defendants were or should have been aware that their unlawful practice(s) as it relates to overtime compensation failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages due and owing to them, in violation of the FLSA.

70. Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

71. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

72. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

73. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

74.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Overtime Class:** All current and former hourly-paid, non-exempt, tipped employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) in positions, such as Server, Bartender, and/or Hostess and who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

> **Minimum Wage Class: Overtime Class:** All current and former hourly-paid, non-exempt, tipped employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) in positions, such as Server, Bartender, and/or Hostess and who have not been compensated at a lawful minimum hourly rate of pay for each hour worked each workweek.

75.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

76.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon

information and belief, there are over fifty members (50) members of each of the Wisconsin Classes.

77.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All the members of the Wisconsin Classes were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

78.     Plaintiff is able to fairly and adequately protect the interests of the members of the Wisconsin Classes and has no interests antagonistic to the members of the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

79.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the

Wisconsin Classes are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

80.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

81.     Defendants have violated the WWPCL regarding payment of overtime wages and minimum wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

82.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendants' actions include, without

limitation, the following: (a) Whether Defendants maintained an unlawful compensation system that failed to compensate the Wisconsin Class with overtime wages during workweeks when the Wisconsin Class worked hours in excess of forty (40); (b) Whether Defendants maintained an unlawful compensation system that failed to compensate the Wisconsin Class with minimum wages for each hour worked each workweek; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

83.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective – Overtime Pay Owed)**

84.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

85.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

86.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

87.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

88.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

89. Defendants were (and are) subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

90. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

91. Defendants intentionally violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages when said employees worked in more than one position with different hourly rates of pay.

92. Defendants' failure to properly compensate Plaintiff and the FLSA Collective with overtime wages was willfully perpetrated. Defendants also have not acted in good faith or with reasonable grounds to believe their actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay overtime wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

93.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime wages have been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

94.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

95.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**<u>(Plaintiff, on behalf of herself and the Wisconsin Class – Overtime Pay Owed)</u>**

96.      Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

97.     At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

98.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

99.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

100.    Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Wisconsin Class to a day not more than thirty-one (31) days prior to the date of payment.

101.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages when said employees worked in more than one position with different hourly rates of pay, in violation of the Wisconsin Wage Payment and Collection Laws.

102.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

103.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

104.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class – Minimum Wages Owed)

105.    Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

106.    At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

107.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

108.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class minimum wages.

109.    Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Wisconsin Class to a day not more than thirty-one (31) days prior to the date of payment.

110.    Throughout the Wisconsin Class Period, Defendants intentionally failed to compensate Plaintiff and the Wisconsin Class with minimum wages – with an hourly rate of at least $7.25 for each hour worked each work day and each workweek – in willful violation of the WWPCL.

111.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

112.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt, tipped employees employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees damages in the form of reimbursement for overtime wages and minimum wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 14th day of February, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com