# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| THERESA COOPER, on behalf of herself and all others similarly situated**,** | Case No. 20-cv-240 |
| Plaintiff, | |
| v. | **CLASS ACTION SETTLEMENT AGREEMENT** |
| OS RESTAURANT SERVICES, LLC, BLOOMIN' BRANDS, INC., and BONEFISH GRILL, LLC, | |
| Defendants. | |

This Class Action Settlement Agreement and appendices thereto (collectively, the "Settlement Agreement" or "Agreement") by and between Putative Class Representative Theresa Cooper ("Plaintiff"), for herself and on behalf of the Putative Settlement Classes, and Defendants OS Restaurant Services, LLC, Bloomin' Brands, Inc., and Bonefish Grill, LLC, as well as OS Restaurant Partners, LLC, Carrabba's Italian Grill, LLC, Outback Steakhouse of Florida, LLC, OS Prime, LLC and their predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, affiliates, and all other person acting by, through, or in concert with them (collectively "Defendants") is entered into as of the date of the signatures below.

## RECITALS

1.      **WHEREAS**, on February 14, 2020, Plaintiff Theresa Cooper filed a class action Collective and Class Action Complaint ("Complaint") in the United States District Court for the Eastern District of Wisconsin (ECF No. 1). Plaintiff's Complaint alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("Wisconsin wage laws").

2.      **WHEREAS**, Defendants filed an Answer denying the material allegations of the Complaint on September 8, 2020. (ECF No. 15). Defendants continue to deny the material allegations of the Complaint.

3.      **WHEREAS**, the Complaint sought certification of the following putative classes under Fed. R. Civ. Pro. 23:

> Wisconsin Overtime Class: All current and former hourly-paid, nonexempt, tipped employees employed by Defendants within the two (2) years immediately preceding the filing of the Complaint in positions such as Server, Bartender, and/or Hostess and who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

> Wisconsin Minimum Wage Class: All current and former hourly-paid, non-exempt, tipped employees employed by Defendants within the two (2) years immediately preceding the filing of the Complaint in positions such as Server, Bartender, and/or Hostess and who have not been compensated at a lawful minimum hourly rate of pay for each hour worked each workweek.

(collectively, "the Putative Classes").

4.      **WHEREAS**, the Complaint sought conditional certification of the following putative collective under the FLSA:

> FLSA Class: All current and former hourly-paid, non-exempt, tipped employees employed by Defendants within the three (3) years immediately preceding the filing of the Complaint in positions such as Server, Bartender, and/or Hostess and who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

(the "Putative Collective").

5.      **WHEREAS,** Plaintiff, the Putative Classes and the Putative Collective are represented by Walcheske & Luzi, LLC, by attorneys James A. Walcheske, Scott S. Luzi and David M. Potteiger ("Class Counsel"). The Plaintiff and her counsel have conducted an investigation and evaluation of the facts to determine how best to serve the interests of all class members, and believe that, in view of the risk and expense associated with a trial of the class claims and possible appeals, and the uncertainty inherent in complex litigation, that the settlement set forth in this Agreement is in the best interest of Plaintiff, the Putative Classes and the Putative Collective and represents a fair, reasonable, and adequate resolution of the lawsuit.

6.      **WHEREAS**, Defendants deny that they are liable to the Plaintiff, the Putative Classes or the Putative Collective in any way, and deny that their actions violated the FLSA or Wisconsin wage laws. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants are willing to enter into this Agreement to avoid the further expense, uncertainty, burden, and inconvenience of litigation.

7.      **WHEREAS**, counsel for the Parties have conducted a thorough investigation of the facts and the applicable laws pertaining to the allegations in the Complaint.

8.      **WHEREAS**, in consideration of the foregoing and other good and valuable consideration, the Plaintiff and Defendants (collectively, "the Parties") stipulate and agree that the claims of the Plaintiff, the Putative Settlement Classes and the Putative Settlement Collective against Defendants should be and are hereby compromised and settled, subject to the terms and conditions provided in this Agreement, and subject to final approval of the Court after a hearing and upon entry of a final judgment of dismissal with prejudice. This Agreement shall be filed as **Exhibit 1** to the Joint Motion for Preliminary Approval of the Settlement.

## AGREEMENT

1.      **SETTLEMENT**. It is agreed by and among the parties that this Lawsuit and all state and federal wage and hours claims that were or could have been brought in this Lawsuit, be settled and compromised as between the Plaintiff, the Putative Settlement Classes and the Putative Settlement Collective, on the one hand, and Defendants on the other hand, subject to Court approval and pursuant to the terms and conditions set forth in this Settlement Agreement. This is a claims-made reversionary settlement as to Plaintiff and all members of the Putative Settlement Classes and the Putative Settlement Collective who timely submit a valid Opt-In Claims Form, acknowledging that they consent to release both federal and state law claims, pursuant to the terms of this Agreement and the Class Notice.

2.      **EFFECTIVE DATE**. The "Effective Date" of this Agreement shall be the later of (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken; or (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, certiorari, rehearing, or any proceedings resulting therefrom have been disposed of in such a manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change. The Parties waive their rights to appeal from any Final Order approving this Agreement.

3.      **CLASS DEFINITIONS.** For purposes of this settlement only, the Parties agree to the Court's certification of the following Putative Settlement Classes:

> Putative FLSA Settlement Class: All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse, and/or Fleming's Prime Steakhouse and Wine Bar in the positions of Server, Bartender or Host, at locations in the State of Wisconsin, at anytime from February 14, 2017 to December 17, 2020.

> Putative Wisconsin Settlement Class: All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse, and/or Fleming's Prime Steakhouse and Wine Bar in the positions of Server, Bartender or Host, at locations in the State of Wisconsin, at anytime from February 14, 2018 to December 17, 2020.

The "Putative FLSA Settlement Class" and the "Putative Wisconsin Settlement Class" are collectively referred to as the "Putative Settlement Classes."

Case 2:20-cv-00240-LA   Filed 01/14/21   Page 3 of 18   Document 18-1

The "FLSA Settlement Class" shall consist of all members of the Putative FLSA Settlement Class who do not exclude themselves from the settlement. The "Wisconsin Settlement Class" shall consist of all members of the Putative Wisconsin Settlement Class who do not exclude themselves from the settlement. The "FLSA Settlement Class" and the "Wisconsin Settlement Class" are collectively referred to as the "Settlement Classes."

The "Final FLSA Settlement Class" shall consist of those members of the FLSA Settlement Class who timely submit a valid Opt-In Claim Form pursuant to the terms of this Agreement and the Class Notice. The "Final Wisconsin Settlement Class" shall consist of those members of the Wisconsin Settlement Class who timely submit a valid Opt-In Claim Form pursuant to the terms of this Agreement and the Class Notice. The "Final FLSA Settlement Class" and the "Final Wisconsin Settlement Class" are collectively referred to as the "Final Settlement Class."

Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all members of the FLSA Putative Settlement Class and the Wisconsin Putative Settlement Class, and approval of the Class Notice attached as **Exhibit A** to this Agreement, to be sent to members of the Putative Settlement Classes via first-class U.S. Mail.

4.       **CONSIDERATION**. In consideration for the release of claims as stated herein by members of the Settlement Class, Defendants shall pay no more than nine-hundred ninety thousand dollars ($990,000.00) in Settlement Proceeds to be apportioned as follows:

a.       Up to three hundred eighty-four thousand dollars ($384,000) (the "FLSA Settlement Amount") payable to the members of the Putative FLSA Settlement Class. Allocation of Settlement Proceeds to Putative FLSA Settlement Class members shall be as follows:

Each member of the Putative FLSA Settlement Class shall be awarded an "FLSA Settlement Point" for each week in which they worked forty or more hours during the three years prior to the date of Preliminary Approval of Settlement. The FLSA Settlement Amount shall be divided equally by the number of FLSA Settlement Points to arrive at an "FLSA Settlement Point Value" and each member of the FLSA Putative Settlement Class shall be entitled to receive an amount equal to the number of the Putative FLSA Settlement Class Member's FLSA Settlement Points multiplied by the FLSA Settlement Point Value. Each member of the Putative FLSA Settlement Class must timely submit a valid Opt-In Claim Form pursuant to the terms of this Agreement and the Class Notice to receive their share of the FLSA Settlement Amount.

b.       Up to two hundred fifty-six thousand dollars ($256,000) (the "Wisconsin Settlement Amount") payable to the members of the Wisconsin Settlement Class. Allocation of Settlement Proceeds to Wisconsin Settlement Class members shall be as follows:

4849-7965-74...

The hours worked by the Putative Wisconsin Settlement Class while receiving less than the federal minimum wage at the time of the payment (exclusive of any tips) during the two years prior to the date of Preliminary Approval of Settlement shall be calculated and multiplied by the difference between the amount paid for each hour below the minimum wage. The total amount of this difference shall be the "Wisconsin Wages." The Wisconsin Settlement Amount shall be divided equally by the amount of the Wisconsin Wages to arrive at a Wisconsin Wage Value. Each member of the Putative Wisconsin Settlement Class shall be entitled to receive shares of the Wisconsin Settlement Amount proportional to their share of the Wisconsin Wages. Each member of the Wisconsin Settlement Class must timely submit a valid Opt-In Claim Form pursuant to the terms of this Agreement and the Class Notice to receive their share of the Wisconsin Settlement Amount.

A Service Payment of ten thousand dollars ($10,000) to Plaintiff for her efforts in resolving this matter on behalf of the Putative Settlement Classes. Defendants agree they will take no position in favor or against requested Service Payment, provided they do not exceed a total sum of $10,000. The Service Payment shall be conditioned on the Court entering a Final Order approving the Class Settlement, and Plaintiff submitting to counsel for Defendants an IRS Form W-9.

c.     Class counsel Walcheske & Luzi, LLC will apply for an award of reasonable Attorneys' Fees and costs incurred by the Plaintiff and Putative Settlement Classes in this matter, inclusive of litigation costs and settlement administration costs, to be approved by the Court to the extent it deems such award and amount to be reasonable. Defendants agree that they will take no position in favor of or against a requested award of Attorneys' Fees, costs, and administration-related expenses, provided the request does not exceed three hundred forty thousand dollars ($340,000). The enforceability and binding nature of this Settlement Agreement shall not be impacted in any manner in the event that the Court rejects Class Counsel's application for fees and costs, or awards an amount less than requested.

d.     In the event the Court awards less than the amount requested for the Service Payments or for Attorneys' Fees, costs and administration-related expenses, the difference between the amounts requested and the amounts awarded shall be added to that portion of the Settlement Proceeds to be distributed to the Final Settlement Classes based upon the calculations set forth herein, and further subject to the terms of this Agreement.

5.	**CLASS LIST**. Defendants shall provide to Class Counsel a list of the individuals included in the Putative FLSA Settlement Class and the Putative Wisconsin Settlement Class ("Class List") within seven (7) calendar days of the Court's granting of Preliminary Approval of this Agreement. The Class List shall include the name and last known address of members of the Putative Settlement Classes as well as the length of time in weeks that each member of the Putative Settlement Classes worked in an employment position covered by the Class Definition during the Class Period in an excel spreadsheet in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; "Zip Code"; and "Weeks Employed."

6.	**SETTLEMENT PAYMENTS**. Defendants shall pay up to, but no more than, nine hundred ninety thousand dollars ($990,000.00) in Settlement Proceeds, in accordance with the allocation provided in Paragraph 3 above. Payments to members of the Final Settlement Classes shall be allocated as two-thirds W-2 wages and one-third 1099 non-wage income.

Class Counsel shall administer the settlement in this matter. Payments of Settlement Proceeds shall be remitted to Walcheske & Luzi, Attn: Scott S. Luzi, 235 N. Executive Drive, Suite 240, Brookfield, WI 53005. Within fourteen (14) calendar days following the final approval of this Agreement by the Court, Defendants will provide to Class Counsel, checks for the following:

> a.	The total amount allocated to each member of the Final Settlement Classes.
>
> b.	The amount approved by the Court for Service Payments to Plaintiff, all of which shall be treated as 1099 non-wages.
>
> c.	The amount awarded to Class Counsel by the Court for Attorneys' Fees, costs, and administration-related expenses.

Class counsel shall send, via first class mail, checks to all Final Settlement Class members within fourteen (14) calendar days of receipt of the Settlement Proceeds. Members of the Final Settlement Class shall have one hundred twenty (120) days to cash checks representing payment of Settlement Proceeds. Class Counsel shall advise Defendants' counsel: (1) the date on which settlement checks were mailed to the Final Settlement Class; (2) all checks that were returned as non-deliverable, and (3) all checks that were not cashed at the conclusion of the one hundred twenty (120) day check cashing period.

7.	**RELEASE OF COMPENSATION CLAIMS**. As consideration for this Agreement, and upon the Effective Date, the members of the Final Settlement Class, including each and every one of their respective present, former and future agents, representatives, attorneys, heirs, administrators, executors, assigns, or other person acting on their behalf or for their benefit (collectively "Releasors") hereby release and discharge Defendants as well as their respective predecessors and successors-in-interest, and present, former, and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendants perform services (collectively "Releasees") from any causes of action, suits, claims, or demands, known or unknown at this

time, which Plaintiff and Final Settlement Class members now have or ever had against the Releasees arising out of Defendants' alleged failure to pay compensation under the FLSA and/or WWPCL through the date this Agreement is fully executed by the parties.

8. **JOINT MOTION FOR PRELIMINARY APPROVAL**. The parties will cooperate and will act in good faith to jointly request Preliminary Approval of the settlement set forth in this Agreement by no later than twenty-one (21) calendar days after this Agreement is fully executed by the parties. The Joint Motion for Preliminary Approval will request the following relief in the form of an Order that:

    a.    Preliminarily approves the Settlement Agreement as fair, reasonable and adequate;

    b.    Certifies, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act and a class action under Rule 23 of the Federal Rules of Civil Procedure;

    c.    Appoints Theresa Cooper as Class Representative;

    d.    Appoints Walcheske & Luzi as Class Counsel;

    e.    Approves the Class Notice and Opt-In Claim Form in the form set forth in Exhibit A of the Class Settlement Agreement for distribution to all members of the Putative Settlement Classes;

    f.    Finds that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notices to all Putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Putative Settlement Class members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

    g.    Directs that each member of the Putative Settlement Classes who wishes to be excluded from the Settlement Classes must exclude him or herself by no later than forty-five (45) calendar days after the mailing of the Class Notice ("Exclusion Period"), per the instructions set forth in the Class Notice and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

    h.    Directs that any member of the Putative Settlement Classes who does not exclude him or herself and who wishes to object to the Settlement must provide such objection, as set forth below, within forty-five (45) calendar days after the mailing of the Class Notice;

4849-7965-742

i.  Directs that any member of the Putative Settlement Classes who wishes to participate in the Settlement and to receive compensation under the terms of this Agreement shall submit an Opt-In Claim Form no later than forty-five (45) calendar days after the mailing of the Class Notice, per the instructions set forth in the Class Notice ("Claim Period");

j.  Directs that any member of the Putative Settlement Classes who does not exclude him or herself shall be bound by this Agreement and shall release all WWPCL claims, in the event the Court issues a Final Order approving the Settlement;

k.  Directs that any member of the Putative Settlement Classes who timely submits an Opt-In Claim Form during the Claim Period shall be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

l.  Schedules a Fairness Hearing approximately forty-five (45) days after the conclusion of the Claim Period to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving the Settlement should be entered; and

m.  Directs that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiff's Service Payment, and a Motion for Final Settlement Approval – at least seven (7) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel.

The fact that the Court may require non-substantive changes to the Parties' proposed Preliminary Approval Order does not invalidate this Agreement. If the Court refuses to grant preliminary approval, then this Agreement shall be null and void and the provisions of Paragraph 17 will apply.

The Parties agree that this matter is not governed by the Class Action Fairness Act ("CAFA") and therefore CAFA notices are not required.

9.  **NOTICE PROCEDURE**. Notice procedures shall be as follows: Class Counsel will deliver to all members of the Putative Settlement Classes, by U.S. mail and within fourteen (14) calendar days of receipt of the Class List from Defendants, a copy of the Class Notice (attached as **Exhibit A** to this Agreement), as approved by the Court, setting forth the settlement terms, procedure for submitting a timely valid Opt-In Claim Form, a procedure for excluding oneself from the settlement, and the procedure for making an objection to the settlement. Class Counsel shall promptly advise Defendants' counsel of the date on which Class Notices were mailed. For any Class Notice which is returned as non-deliverable, Class Counsel may perform a single skip trace or other appropriate step, such as a public records search through internet legal

research software, to identify a proper current address for members of the Putative Settlement Classes whose Class Notice was returned as non-deliverable and may re-mail the Class Notice to all such members of the Putative Settlement Classes. If, after a second mailing of the Class Notice, the Class Notice is returned by the postal service as non-deliverable, the Parties shall be deemed to have satisfied their obligations to provide the applicable Class Notice to any such member of the Putative Settlement Classes. Class Counsel shall not initiate any further contact with or communication with members of the Putative Settlement Classes, but may respond to inquiries from Putative Settlement Class members. Similarly, Defendants shall not initiate contact with Putative Settlement Class members to discuss whether they should opt out of this settlement, or file an Opt-In Claim Form.

10. **OBJECTIONS BY SETTLEMENT CLASS MEMBERS**. Any member of the Settlement Classes who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Approval Order (which shall be no later than forty-five (45) days after the mailing of the Class Notice), file any such objections with the Court and provide copies of the objection to both Class Counsel and Defendants' Counsel, as provided in the Class Notice.

      a.    **FORM OF OBJECTIONS.** Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (c) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (d) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any member of the Putative Settlement Classes who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

11. **REQUEST FOR EXCLUSION BY PUTATIVE SETTLEMENT CLASS MEMBERS**. Any Putative Settlement Class member who wishes to be excluded from the Settlement Classes must submit a request for exclusion as set forth in the Class Notice by no later than forty-five (45) days after mailing of the Class Notice. Class Counsel shall file any exclusion that it receives pursuant to this paragraph with the Court. Any Putative Settlement Class member who fails to submit a timely request to be excluded shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement and shall be deemed to have released their Wisconsin (WWPCL) wage and hour claims.

12. **CLAIMS MADE PROCESS**. The Parties agree to a claims made process. In order to receive Settlement Proceeds under the terms of this Agreement, members of the Putative Settlement Classes must timely submit a valid Opt-In Claim Form on the form approved by the Court. To be "timely" the Opt-In Claims Form must be postmarked by no later than forty-five (45) days after the date on which the Class Notice was mailed to members of the Putative

Settlement Class. An Opt-In Claims Form is "valid" if it is complete, accurate and signed by the Putative Settlement Class member. If a Putative Settlement Class member does not timely submit a valid Opt-In Claims Form, he or she will receive no Settlement Proceeds under this Agreement. In the event a member of the Putative Settlement Classes timely submits an Opt-In Claims Form but omits any required information, Class Counsel shall immediately notify such member of the omitted information and provide the member of the Putative Settlement Class with twenty (20) days from the date Class Counsel receives the deficient Opt-In Claim Form, or until the end of the forty-five (45) days claim period, whichever is longer, to cure any deficiencies. Class counsel shall provide to counsel for Defendants a copy of any Opt-In Claims Form submitted during the Claim Period.

13.     **FAIRNESS HEARING**. The Parties agree to request a Fairness Hearing within forty-five (45) days of the conclusion of the Claim Period. On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held, at which the Court will: (a) decide whether to certify the Settlement Classes; (b) decide whether to approve the Settlement Agreement as fair, reasonable and adequate; and (c) decide Class Counsel's Motion for Service Payments and Attorneys' Fees and costs.

14.     **REVERSION**. **Exhibit B** to the Settlement Agreement sets forth the amount of Settlement Proceeds allocated to each member of the Putative Settlement Classes. For all members of the Putative Settlement Classes who timely exclude themselves from the settlement, that amount allocated to such Putative Settlement Class members shall revert to Defendants. For (1) those members of the Settlement Classes who do not timely submit a valid Opt-In Claims Form, (2) for whom checks that were returned as non-deliverable, and (3) for whom checks that were not cashed at the conclusion of the one hundred twenty (120) day check cashing period, the amount allocated to such Settlement Class members, as set forth in **Exhibit B** to this Agreement, shall revert to Defendants.

15.     **ENTRY OF JUDGMENT**. If this Agreement is finally approved by the Court, a Final Approval Order, directing the entry of judgment, shall be entered as follows:

    a.      Certifying the Settlement Classes;

    b.      Approving this Agreement as fair, reasonable and adequate as it applies to the Settlement Classes;

    c.      Appointing Theresa Cooper as Class Representative for the Settlement Classes;

    d.      Appointing Walcheske & Luzi, LLC as Class Counsel;

    e.      Declaring this Agreement to be binding on Defendants, Plaintiff, and the members of the Final Settlement Class;

    f.      Dismissing *Cooper v. OS Restaurant Services, LLC, et al* (2:20-cv-00240) and the claims asserted in that Lawsuit by Plaintiff with prejudice and without further costs to the Parties;

g.      Dismissing with prejudice and without further costs to the Parties the released claims of the Final Settlement Class;

h.      Dismissing without prejudice the claims of the members of the Putative Settlement Classes who properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

i.      Dismissing without prejudice the FLSA claims of the members of the Settlement Classes who did not timely submit a valid Opt-In Claim Form; and

j.      Indicating the amount of the Service Payment to Plaintiff and Attorneys' Fees and Costs to be awarded to Class Counsel consistent with the Settlement.

16.     **BLOW-UP PROVISION**. If more than twenty percent (20%) of members of the Putative Settlement Classes exclude themselves from the Settlement, then, at Defendants' option, and by no later than seven (7) days after the close of the Exclusion Period, this Agreement and the Preliminary Approval Order shall be null and void, and the Lawsuit will continue pursuant to schedule to be set by the Court with all parties retaining and Putative Class Members retaining all of the claims and defenses that existed at the time of the settlement. Defendants shall notify the Court and Class Counsel of their decision to invoke this provision of the Agreement by filing a notice with the Court of its intent to do so and requesting the Court set a time for a scheduling conference according to the time limit stated herein.

17.     **AGREEMENT NULL AND VOID IF NOT APPROVED BY THE COURT**. If this Agreement fails to be preliminarily or finally approved by the Court, then this Agreement shall be null and void and the Lawsuit will continue pursuant to a schedule to be set by the Court with all parties and the Putative Settlement Classes retaining all of their claims and defenses that exited at the time of the settlement.

18.     **NO ADMISSION OF LAW OR FACT THROUGH THIS AGREEMENT**. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

19.     **NO ADMISSION OF LIABILITY OR LACK OF MERIT THROUGH THIS AGREEMENT**. Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be evidence of an admission or concession by any of the Parties. Defendants specifically deny that the conduct alleged in the Complaint establishes any liability.

20.     **ENTIRE AGREEMENT**. The Parties acknowledge that this Agreement, along with all Appendices to this Agreement, constitute the entire agreement among the Parties, and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect. This Agreement includes all the representations of every kind and nature made by the Parties one to the other.

Case 2:20-cv-00240-LA   Filed 01/14/21   Page 11 of 18   Document 18-1

21.     **AMENDMENTS.** The Parties agree that no party shall be deemed to have drafted this Agreement. The Parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them.

22.     **COUNTERPARTS**. This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. The Parties agree that a facsimile, PDF, or other electronic signature to this Settlement Agreement shall be treated and deemed as an original signature.

23.     **NO ASSIGNMENT**. Each person executing this Agreement on behalf of any party hereto hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

24.     **AGREEMENT TO COOPERATE FOR APPROVAL OF THE SETTLEMENT**. The Parties to this Agreement agree to cooperate in the submission of this Agreement to the Court. As soon as practicable, they will take all necessary steps to secure the Court's Preliminary Approval of this Agreement. After notice to the Putative Settlement Classes and an opportunity to object, the Parties will take all steps reasonably necessary to secure the Court's Final Approval of the Agreement and to secure the dismissal of this Lawsuit with prejudice, on and subject to the procedures and conditions set forth herein. The Parties shall cooperate in taking any such other steps as may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

25.     **WAIVER OF CLAIMS FOR ATTORNEYS' FEES AND COSTS**. In consideration of this Agreement, Plaintiff hereby waives, discharges and releases the Releasees, as defined herein, of and from any and all claims for Attorneys' Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Lawsuit, except for the Attorneys' Fees and costs that are awarded by the Court in this Lawsuit pursuant to the yet-to-be-filed petition by Class Counsel.

26.     **CHOICE OF LAW**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement with the intent to be legally bound by its terms and conditions.

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASSES AND SETTLEMENT COLLECTIVE:**

_Theresa L Cooper_      _12/21/20_

Theresa Cooper           Date

**ON BEHALF OF OS RESTAURANT SERVICES, LLC, BLOOMIN' BRANDS, INC. AND BONEFISH GRILL, LLC AS WELL AS OS RESTAURANT PARTNERS, LLC, CARRABBA'S ITALIAN GRILL, LLC, OUTBACK STEAKHOUSE OF FLORIDA, LLC, AND OS PRIME, LLC**

By: _____

Name: _Kelly Lefferts_

Title: _Chief Legal Officer_

Date: _12/21/20_

4849-7965-7428

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| THERESA COOPER, on behalf of herself and all others similarly situated**,** | Case No. 20-cv-240 |
| Plaintiff, | |
| v. | **NOTICE OF CLASS ACTION** |
| OS RESTAURANT SERVICES, LLC, BLOOMIN' BRANDS, INC., and BONEFISH GRILL, LLC, | |
| Defendants. | |

The purpose of this Notice is to inform you of a class action lawsuit brought by Theresa Cooper ("Plaintiff") against Defendants OS Restaurant Services, LLC, Bloomin' Brands, Inc., and Bonefish Grill, Inc., OS Restaurant Partners, Carrabba's Italian Grill, LLC, Outback Steakhouse of Florida, LLC and Fleming's Prime Steakhouse and Wine Bar ("Defendants"). This case affects your rights as an employee or former employee of Bonefish Grill, Carrabba's Italian Grill, outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar under the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("Wisconsin wage laws"). Please read below for more information.

**I.      Why You Are Receiving This Notice: Definition of the Class**

You are receiving this Notice because you have been identified as a potential member of one or both of the classes as defined below:

>    All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar in the positions of Server, Bartender or Host, at locations in the State of Wisconsin, at any time from February 14, 2017 to December 17, 2020.

>    All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar in the positions of Server, Bartender or Host, at locations in the State of Wisconsin, at any time from February 14, 2018 to December 17, 2020.

A settlement has been reached between the Plaintiff and Defendants in this action.

**Your rights will be affected by the actions you take in response to this Notice.**

**You must take action by <mark>DATE</mark>, which is 45 calendar days from the date this Notice was mailed.**

## II.    Class Claims, Issues, and Defenses

Plaintiff alleges that Defendants violated the FLSA and Wisconsin wage laws by: (1) not compensating class members at the lawful minimum rate of pay for each hour worked in a workweek; and (2) not compensating class members at the lawful overtime rate for hours worked in excess of forty (40) hours in a workweek. Defendants deny the allegations, and maintain that employees were properly compensated. Plaintiff and Defendants have agreed to settle the case, which they believe is in the best interest of all parties.

## III.    Your Rights

### A.    Your Right to Participate in the Settlement

If you are a member of the class, and wish to participate in and receive compensation as part of the settlement, you must join by completing the Opt-In Claim Form attached to this Notice, and returning it to class counsel by <mark>DATE</mark>. If you choose to participate, you will receive money from the settlement and will give up the right to sue the Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar on your own for the same violations alleged here.

### B.    Your Right Not to Participate in the Settlement

You also have the right to decline to join, or "opt-out," of this settlement. If you choose to opt-out of the settlement, you will <u>not</u> receive any money, but you will keep the right to sue Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar on your own for the same violations alleged here. If you want to opt-out, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, telephone number, and e-mail address; (ii) include your dates of employment at Defendants and job title(s); and (iii) specifically state your desire to be excluded from the settlement.

**IV.     Procedure for Returning Opt-In Claim Form**

If you choose to return the Opt-In Claim Form, it should be sent to class counsel:

|              |                                      |
|--------------|--------------------------------------|
| By Mail:     | Attorney Scott Luzi                  |
|              | Walcheske & Luzi, LLC                |
|              | 235 N. Executive Drive, Suite 240    |
|              | Brookfield, Wisconsin 53005          |
|              |                                      |
| By Fax:      | 262-565-6469                         |
|              |                                      |
| By Email:    | sluzi@walcheskeluzi.com              |

The form must be filled out completely, and must be postmarked by DATE.

**If you do not return the Opt-In Claim Form or opt-out of the settlement by DATE, you will not receive any money from the settlement, and you will give up the right to sue** Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar **on your own for the same violations alleged here.**

## OPT-IN CLAIM FORM

Pursuant to 29 U.S.C. § 216(b), I hereby consent to make a claim against OS Restaurant Services, LLC, Bloomin' Brands, Inc., Bonefish Grill, Inc. Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar (collectively, "Bonefish Grill") for overtime wages allegedly owed for and/or any other claim for wages brought in this action against Bonefish Grill. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Theresa Cooper as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, the entering into the settlement agreement and release, and all other matters pertaining to this lawsuit. I hereby consent to and agree to be bound by the settlement agreement and release entered into by Theresa Cooper on my behalf. I worked at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse and/or Fleming's Prime Steakhouse and Wine Bar during the period between February 14, 2017 to December 17, 2020.

**NAME:** _____

Print Name

**SIGNATURE:** _____

Sign Name

**DATE:** _____

Date

**PLEASE RETURN TO**:             Attorney Scott S. Luzi

**BY MAIL**                               Walcheske & Luzi, LLC
                                        235 N. Executive Drive, Suite 240
                                        Brookfield, Wisconsin 53005

                                                or

**BY FAX**                                (262) 565-6469

                                                or

**BY EMAIL**                              sluzi@walcheskeluzi.com

**PLEASE COMPLETE AND RETURN WITH THE OPT-IN CLAIM FORM**

NAME: _____
*nombre*

ADDRESS: _____
*Domicilio*

CITY: _____ STATE: _____ ZIP CODE: _____
*Ciudad*                                      *Estado*              *Codigo postal*

TELEPHONE NUMBER: _____
*Numero de telefono*

E-MAIL ADDRESS: _____
*Direccion de correo electronico*

DATES OF EMPLOYMENT: _____
*Fechas de empleo*

LOCATION(S) WORKED: _____
*Ubicación trabajó*

JOB POSITION(S): _____
*Puestos de trabajo*

HOURLY RATE OF PAY: _____
*Tarifa de pago*