UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

THERESA COOPER
on behalf of herself and all
others similarly situated,

        Plaintiff,                                  Case No. 20-cv-240

       v.

OS RESTAURANT SERVICES, LLC, *et. al.*

        Defendants

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Theresa Cooper, on behalf of herself and all others similarly-situated, and Defendants, OS Restaurant Services, LLC, Bloomin' Brands, Inc., and Bonefish Grill LLC, jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' executed settlement agreement, titled "Class Action Settlement Agreement," attached hereto as Exhibit 1 (hereinafter simply "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and certification of classes under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL") and Fed. R. Civ. P. 23 ("Rule 23").

The Putative FLSA Settlement Class is defined as: "All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse, and/or Fleming's Prime Steakhouse and Wine Bar in positions paid less than the federal minimum wage (exclusive of any tips), at

locations in the State of Wisconsin, at anytime from February 14, 2017 to December 17, 2020." (Exhibit 1, ¶ 3.) Likewise, the Putative Wisconsin Settlement Class is defined as: "All individuals employed at Bonefish Grill, Carrabba's Italian Grill, Outback Steakhouse, and/or Fleming's Prime Steakhouse and Wine Bar in positions paid less than the federal minimum wage (exclusive of any tips), at locations in the State of Wisconsin, at anytime from February 14, 2018 to December 17, 2020." (*Id.*) The "Putative FLSA Settlement Class" and the "Putative Wisconsin Settlement Class" are collectively referred to as the "Putative Settlement Classes." (*Id.*)

In accordance with the Settlement Agreement, the "Final FLSA Settlement Class" will consist of those members of the Putative FLSA Settlement Class who timely submit a valid Opt-In Claim Form pursuant to the terms of this Agreement and the Class Notice, and the "Final Wisconsin Settlement Class" will consist of those members of the Putative Wisconsin Settlement Class who do not exclude themselves from the settlement in accordance with the instructions in the Class Notice. (Exhibit 1, ¶ 3.) The "Final FLSA Settlement Class" and the "Final Wisconsin Settlement Class" are collectively referred to as the "Final Settlement Class." (*Id.*)

The parties believe that the Settlement Agreement is fair, reasonable, and adequate because it fully satisfies this Court's criteria for collective and class action settlements. It is fair, reasonable, and adequate as to all Putative Settlement Class members, and upon approval, the Class Notice attached as Exhibit A to the Settlement Agreement will be sent to members of the Putative Settlement Classes via first-class U.S. Mail.

As such, the parties respectfully request that this Court:

1. Preliminarily approve the Settlement Agreement as fair, reasonable, and adequate;

2. Certify, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act and a class action under Rule 23 of the Federal Rules of Civil Procedure;

3. Appoint Theresa Cooper as Class Representative;

4. Appoint Walcheske & Luzi as Class Counsel;

5. Approve the Class Notice and Opt-In Claim Form in the form set forth in Exhibit A of the Class Settlement Agreement for distribution to all members of the Putative Settlement Classes;

6. Find that the Class Notice to be given constitutes the best notice practicable under the circumstances, including individual notices to all Putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Putative Settlement Class members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Direct that each member of the Putative Settlement Classes who wishes to be excluded from the Settlement Classes must exclude him or herself by no later than forty-five (45) calendar days after the mailing of the Class Notice ("Exclusion Period"), per the instructions set forth in the Class Notice and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

8. Direct that any member of the Putative Settlement Classes who wishes to object to the Settlement must provide such objection, as set forth below, within forty-five (45) calendar days after the mailing of the Class Notice;

9. Direct that any member of the Putative FLSA Settlement Class who wishes to participate in the Settlement and to receive compensation under the terms of this Agreement must submit an Opt-In Claim Form no later than forty-five (45) calendar days after the mailing of the Class Notice ("Claim Period"), per the instructions set forth in the Class Notice ("Claim Period");

10. Direct that any member of the Putative Wisconsin Settlement Class who does not wish to participate in the Settlement and to receive compensation under the terms of this Agreement must exclude him or herself during the Claim Period per the instructions set forth in the Class Notice;

11. Direct that any member of the Putative FLSA Settlement Class who timely submits an Opt-In Claim Form during the Claim Period and who becomes part of the Final FLSA Settlement Class will be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

12. Direct that any member of the Putative Wisconsin Settlement Class who does not exclude him or herself during the Claim Period per the instructions set forth in the Class Notice will be bound by this Agreement and shall release all WWPCL claims in the event the Court issues a Final Order approving the Settlement;

13. Schedule a Fairness Hearing approximately forty-five (45) days after the conclusion of the Claim Period to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving the Settlement should be entered; and

14. Direct that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiff's Service Payment, and a Motion for Final Settlement Approval – at least seven (7) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel.

Dated this 9th day of February, 2021

*s/ Scott S. Luzi*
Scott S. Luzi, SBN 1067405
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: sluzi@walcheskeluzi.com

*Attorneys for Plaintiff*

*s/ Joseph G. Schmitt*
Joseph G. Schmitt
NILAN JOHNSON LEWIS PA
250 Marquette Avenue S, Suite 800
Minneapolis, Minnesota 55401
Telephone: (612) 305-7577
Email: jschmitt@nilanjohnson.com

*Attorneys for Defendants*